SCHRANZ & BIEBER CO., INC. *v.* UNITED STATES[1]

United States Customs Court, Third Division

(Decided August 10, 1938)

*Brooks & Brooks (Ernest F. A. Place* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph F. Donohue,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: The merchandise in this case consists of firecrackers imported from China. In each of the packages of firecrackers there is a Chinese coin. The collector assessed duty in accordance with the provisions of paragraph 1515, Tariff Act of 1930, reading so far as applicable as follows:

PAR. 1515. Firecrackers * * * all other firecrackers, 8 cents per pound; * * * the weight on all the foregoing to include all coverings, wrappings, and packing material.

The weight of the Chinese coins was included in the weight of the firecrackers in ascertaining the amount of duty applicable to the shipment. The plaintiff claims that duty should have been taken upon the actual weight of the firecrackers and coverings only, and that the coins are entitled to free entry under paragraph 1655.

At the trial it was established that the Chinese coins were all uniform in size; that the number of packages of firecrackers clearly appeared upon the invoice and that the weight of the coins could have been readily ascertained and compared with the weight thereof appearing upon the invoice.

The report of the United States weigher, admitted in evidence, states that the invoice weight of coins, 8,357 pounds, was considered a fair weight. The inspector of customs also reported to the surveyor that twenty coins were extracted from representative packages; that the coins therein were uniform in size; that the total weight of

[1] C. D. 30.

the coins was computed to be 8,265 pounds by multiplying the total number of coins by the average weight of one coin ascertained from weighing twenty coins; and that as the result thus obtained comparatively verified the invoiced weight of the coins of 8,357 pounds, he considered the invoice weight a fair allowance.

The question at issue in this case is whether two commodities, to wit, firecrackers and coins, packed together, are dutiable at the highest rate applicable to either of them under the provisions of section 508, act of 1930.

In the case of *Allen* v. *United States*, T. D. 48327, it was held that when the respective quantities of commingled goods are readily ascertainable by customs officers, section 507, act of 1922, providing that the highest rate shall be applied to commingled goods, is not applicable. In *United States* v. *Washburn-Crosby Co.*, 14 Ct. Cust. Appls. 243, T. D. 41874, it was held that an actual separation of the entire quantity was not required, when it was shown that a sampling indicated accurately the respective quantities of the commodities, and in *United States* v. *Brandenstein*, 17 C. C. P. A. 480, T. D. 43941, it was held that where commingled goods were easily separable the Government should have ascertained the respective quantities of each commodity.

It is clear from the evidence herein that the customs inspector had no difficulty in readily segregating the coins from the packages of firecrackers and ascertaining to his satisfaction the weight of the coins. This state of facts viewed in the light of the decisions cited clearly entitles the importer to an allowance in the weight of the coins in ascertaining the duty applicable to the firecrackers.

Judgment will therefore be entered directing the collector of customs to reliquidate the entry, assessing duty upon the firecrackers at the rate of 8 cents per pound upon the weight of the firecrackers plus the weight of the coverings, wrappings, and packing material, and making allowance for the weight of the coins which are free of duty under paragraph 1655.